OPINION
{¶ 1} Defendant-appellant, Judith Milliner, appeals a decision by the Clinton County Court of Common Pleas that awarded compensation to plaintiff-appellee, Lucille Spradley ("Spradley"), for services provided to appellant's late father, Donald L. Watson ("Watson"). We affirm the decision of the trial court for the reasons outlined below.
 {¶ 2} Spradley and Watson were neighbors for a number of years in Wilmington, Ohio. After Watson's wife died in 1991, Watson began eating meals provided by Spradley at Spradley's home. In approximately 1993, Watson suffered a stroke, which left him with weakness on his right side and limited use of his right hand. Even though Watson kept his house, he lived with Spradley for most of the next several years. Watson was hospitalized in December 1997, discharged to appellant's home, and died there in February 1998.
 {¶ 3} Spradley filed a claim with Watson's estate, seeking compensation for the six years that she alleged she had provided housing, cooking, laundry, transportation, and other care-giving services for Watson. Appellant, as executrix of the estate, rejected the claim. Spradley filed an action in the court below. The trial court held a hearing, wherein 22 witnesses testified. The trial court issued a written decision, awarding $16,664 in compensation for the services Spradley provided to Watson. Appellant appealed, raising two assignments of error.
Assignment of Error No. 1
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, JUDITH MILLINER, BY FAILING TO CONSIDER WHETHER LUCILLE SPRADLEY AND DONALD L. WATSON WERE FAMILY MEMBERS UNDER OHIO LAW IN DETERMINING THAT PLAINTIFF-APPELLEE, LUCILLE SPRADLEY, IS ENTITLED TO COMPENSATION FOR HER SERVICES AS MR. WATSON'S ALLEGED CARE GIVER."
 {¶ 4} Appellant argues that the trial court erred by not considering the issue of whether a family relationship existed between Spradley and Watson and by not making that finding. Appellant is now advancing the argument that Spradley and Watson had a family relationship for purposes of this claim. Appellant cites to case law in her appellate brief to determine a "family relationship." If a family relationship is shown, a greater burden of proof is required to show that there was an agreement to pay. See In re Estate of Bowman (1956), 102 Ohio App. 121.
 {¶ 5} A review of the record in this case reveals that appellant failed to raise the issue in the court below that Watson and Spradley had a family relationship despite the lack of a blood or marital relationship. Extensive testimony was presented to the trial court about whether Watson and Spradley were engaged in a romantic relationship. The parties filed written closing arguments in which they were given the opportunity to present case law to the trial court. The trial court told counsel that it expected appellant to expound on her reasons for introducing evidence focusing on the alleged romantic relationship between Watson and Spradley in her written argument. Appellant argued that Spradley performed the services for her boyfriend without an expectation of payment and that Spradley failed to show an implied contract for payment. Appellant did not argue that a family relationship existed between Spradley and Watson, nor did she argue that the trial court should find such a relationship.
 {¶ 6} Appellant failed to give the trial court the opportunity to address the issue of whether Watson and Spradley should be found to have a family relationship even though they had no such relationship by blood or marriage. Appellant's failure to raise the issue in the trial court waives all but plain error for purposes of appeal. Lippy v. SocietyNational Bank (1993), 88 Ohio App.3d 33, 40; Panagouleas Interiors, Inc.v. Silent Partner Group, Inc., Montgomery App. No. 18894, 2002-Ohio-1304. This court has the discretion to consider plain error, but may do so only with the utmost caution, under exceptional circumstances, and to prevent a manifest miscarriage of justice.Panagouleas.
 {¶ 7} There was no error by the trial court constituting a manifest miscarriage of justice. The nature of the relationship between Spradley and Watson was considered by the trial court. The trial court reviewed the testimony presented concerning the nature of the relationship between Watson and Spradley. The trial court mentioned that Spradley had acknowledged that the two were "boyfriend-girlfriend" in the beginning, but that the relationship evolved into a care-giving relationship as Watson required more care. Since appellant failed to raise the issue of a family relationship and there was no plain error, appellant's first assignment of error is overruled.
 {¶ 8} Assignment of Error No. 2
 "THE TRIAL COURT ERRED IN ITS JUDGMENT ENTRY TO THE PREJUDICE OF DEFENDANT-APPELLANT, JUDITH MILLINER, BY FINDING THAT PLAINTIFF-APPELLEE, LUCILLE SPRADLEY, IS ENTITLED TO COMPENSATION FOR SERVICES THAT SHE PROVIDED TO DONALD L. WATSON AS HIS ALLEGED CAREGIVER."
 {¶ 9} Appellant asserts several arguments under this assignment of error. Essentially, appellant argues that even if a family relationship did not exist,[1] Spradley should not have recovered compensation because she showed no agreement between the parties to pay and failed to demonstrate that she was entitled to the specific compensation amount awarded by the trial court.
 {¶ 10} We begin with the proposition that we must defer to the trial court as the finder of fact. The trial court was in the best position to view the witnesses, observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. As such, a reviewing court should not substitute its judgment for that of the trial court. Id. The decision of the trier of fact, be it judge or jury, will not be reversed as being against the manifest weight of the evidence as long as it is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 11} The trial court based its decision upon its finding that Spradley should be compensated for the services she provided under the theory of quantum meruit. Historically, quantum meruit allows recovery for services performed for another on the basis of a contract implied in law or an implied promise to pay one who performs services what the services are reasonably worth. Sonkin Melena Co. LPA v. Zaransky
(1992), 83 Ohio App.3d 169, 175. In order to establish a prima facie case, a claimant must show that he conferred a benefit upon another and that the circumstances render it unjust and inequitable to permit the other to retain the benefit without making payment therefor. NationalCity Bank v. Fleming (1981), 2 Ohio App.3d 50, 57.
 {¶ 12} The trial court found that Spradley had proved by a preponderance of the evidence that services were not rendered gratuitously to Watson, but in response to an implied agreement to pay.
 {¶ 13} The trial court noted that Watson would eat meals with Spradley and they were friends in 1991 and 1992. However, the trial court found that Watson moved in with Spradley after his stroke in late 1993 or early 1994, and Spradley helped with Watson's rehabilitation, ran errands for Watson, and eventually provided 24-hour assistance for Watson. The trial court found that Watson already gave money to Spradley for groceries each month. Spradley testified that she discussed the provision of services with Watson and that Watson promised to take care of her. The trial court noted that Spradley retired from her job in 1992, after Watson asker her to retire to be with him.
 {¶ 14} The trial court also noted that appellant acknowledged that she and Spradley were not friendly; that appellant never visited her father at Spradley's house; and that appellant never observed Watson with Spradley during the years when Spradley provided the services to appellant's father.
 {¶ 15} The only testimony before the trial court concerning the amount of compensation was the testimony of Spradley. Spradley testified that $25,000 was the reasonable value of her services. The trial court found that Spradley should only be compensated for a four-year period from January 1994 until December 1997, when the trial court determined that the care-giving services occurred. The trial court further determined that $16,664 was adequate compensation for the various services Spradley provided to Watson during this four-year period. The trial court's award amounts to approximately $80 per week.
 {¶ 16} A review of the record indicates that competent, credible evidence supports the trial court's finding that Spradley provided services for Watson for which she should be compensated. While some witnesses contradicted other witnesses concerning the level of care needed by Watson during this time period, the trial court was in the best position to judge the credibility of the witnesses.
 {¶ 17} The trial court found a clear demarcation between the friendship at the beginning of the relationship and the four years of care-giving. We will not substitute our judgment for that of the trial court. The trial court's determination that compensation should be awarded to Spradley is supported by the evidence presented. The amount of compensation awarded to Spradley is reasonable. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Appellant also argues in her second assignment of error that the trial court erred in its finding because a family relationship existed. We reject this portion of appellant's sub-argument based upon our resolution of the first assignment of error.